**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **FRANCESKA SEVERE,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **SAFE HOME SECURITY, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | **NON-ARBITRATION** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## PARTIES

2. Plaintiff Franceska Severe is an adult individual residing in the state of Hawaii.

3. Defendant Safe Home Security, Inc. ("SHS") is a business entity that regularly conducts business in the District of Connecticut, and which has a principal place of business located at 1125 Middle Street, Suite 201, Middletown, CT 06457.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Prior to May 2025, an identity thief used Plaintiff's personal identifying information to open an account with Defendant without Plaintiff's authorization (hereinafter the "Account"), and Plaintiff received no benefit from the Account.

7. Information about the Account has been furnished in connection to Plaintiff's credit history to credit reporting agencies, including Equifax Information Services LLC ("Equifax").

8. The Account negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

9. Plaintiff has disputed the Account with Equifax since at least May 2025.

10. Plaintiff has included in her disputes an "identity theft report" as that term is used in 15 U.S.C. § 1681c-2(a).

11. Each time Equifax or any other credit reporting agency received a dispute from Plaintiff, they forwarded the dispute to Defendant.

12. Despite receiving each of those disputes, Defendant failed to properly investigate the disputes; failed to handle the inaccurate information; failed to contact Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; and failed to contact all third parties that would have relevant information concerning Plaintiff's disputes and instead wrongfully verified the inaccurate information and continued to report the Account on Plaintiff's credit reports.

13. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to correct the inaccurate information, has failed to note the disputed status of the Account, and has continued to report the derogatory inaccurate information about the Plaintiff.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, invasion of privacy including from unauthorized users and/or intrusions into her highly sensitive and intimate personal

information, and emotional distress including anxiety, frustration, humiliation, embarrassment, and the physical symptoms of her emotional distress.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT I – VIOLATIONS OF THE FCRA**
**(Plaintiff v. SHS)**

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, SHS was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

19. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, SHS was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

21. SHS violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

22. The conduct of SHS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined

more fully above and, as a result, SHS is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Sarah Poriss*____________________

Sarah Poriss, Esquire
224 Whiting Lane
West Hartford, CT 06119
T: 860-233-0336
F: 866-424-4880
E: sarahporiss@prodigy.net

Joseph L. Gentilcore, Esq.*
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: jgentilcore@consumerlawfirm.com

**Application for Admission*
*Pro Hac Vice Forthcoming*

***Attorneys for Plaintiff***

Dated: October 1, 2026